## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| DMAC81, LLC | ) | Civil Action No. 2:19-cv-695-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| AMCO INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant AMCO Insurance Company's ("AMCO") motion to dismiss for failure to join indispensable parties or, in the alternative, motion to transfer. (Dkt. No. 7.) For the reasons set forth below, the Court grants the motion in part and transfers this matter to the United States District Court for the Northern District of Georgia.

### I. Background

This case arises out of a fatal automobile collision on January 17, 2018 involving DMAC81's employee, Gary Cummings, a resident of the State of Georgia, and two individuals in Bibb County, Georgia. (Dkt. Nos. 1; 1-3.) Defendant AMCO, an Iowa corporation, issued an auto insurance policy to Plaintiff DMAC81 with an effective date of November 14, 2017 through November 14, 2018. (Dkt. No. 1.) Two cases ("*Ngyuen* Lawsuit" and "*Lieu* Lawsuit"), both in the Superior Court of Bibb County in Georgia, were filed on behalf of the estate of the decedents against Cummings and Plaintiff DMAC81. (Dkt. Nos. 1-3; 1-4.) While Defendant AMCO provided counsel for the *Nguyen* lawsuit, subject to a reservation of rights, AMCO alleges that it did not receive notice of the *Lieu* Lawsuit from Plaintiff DMAC81 in a timely manner. (Dkt. No. 1-5.) In *Lieu*, a default judgment was ultimately entered against Plaintiff DMAC81, and Defendant

AMCO is now providing counsel to vacate the default judgment subject to a reservation of rights. (Dkt. Nos. 1 at ¶ 16; 1-5.)

Plaintiff DMAC81, a South Carolina company, filed suit for a declaratory judgement from this Court, seeking a declaration that Defendant AMCO has a duty to defend and indemnify DMAC81 under the terms of their automobile insurance policy. (Dkt. No. 1.) Defendant AMCO now moves to dismiss this case for a failure to join indispensable parties, namely DMAC81's counsel in the *Lieu* Lawsuit and the *Lieu* Lawsuit litigants or, in the alternative, to transfer this case to the Northern District of Georgia. Plaintiff DMAC81 has filed no response or opposition to the motion, and the deadline for a response passed on June 18, 2019. (Dkt. No. 7.)

## II. Legal Standard

The general venue statute located at 28 U.S.C. § 1391(b) governs the determination here. According to this statute, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the same State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When venue is improper, the Court can either dismiss the action, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In addition, even if venue is proper in this district, it is within this Court's discretion to transfer the action to any other district where it might have been brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

## III. Discussion

The Court is struck by the fact that in this case, none of the events giving rise to this claim occurred in South Carolina. The underlying action arose out of an automobile collision and two lawsuits, all of which took place in Georgia. The underlying litigations are both being litigated in the Superior Court of Bibb County, also in Georgia, and the defense and indemnification expenses are being incurred during that litigation process. South Carolina, indeed, does not appear to have any relationship to this lawsuit whatsoever other than it being the place of incorporation for Plaintiff DMAC81, and while the Court does not rule on the propriety of whether the allegedly indispensable parties are, indeed, indispensable, the Court notes that those individuals are also all from Georgia. (Dkt. No. 7 at 6 n. 3 – 4.)

The Court therefore finds that transfer is appropriate here. First, Plaintiff has not alleged that Defendant AMCO resides in South Carolina and, as stated above, none of the substantial events related to this case took place in South Carolina. 28 U.S.C. § 1391(b)(1) – (2). Further, there is no indication that there is no district where venue would be proper, and instead Defendant concedes that venue is proper in the Northern District of Georgia, where Plaintiff DMAC81 is also registered to do business. (Dkt. Nos. 7 at 12; 7-11.) Notably, Plaintiff has not opposed or responded to this motion to transfer, and granting transfer would give them an opportunity to be heard regarding whether other parties, who all reside in Georgia, should be joined.

The Court finds that Plaintiff DMAC81 has not established proper venue here under any of the three subparts of 28 U.S.C. § 1391(b), and that in the interests of justice this case should be transferred to the Northern District of Georgia under 28 U.S.C. § 1406(a). In the alternative, the convenience of the parties and witnesses, in the interest of justice, require transfer of this action to Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

## IV. Conclusion

For the foregoing reasons, the Court therefore **GRANTS IN PART** the motion (Dkt. No. 7) in part and **TRANSFERS** venue to the United States District Court for the Northern District of Georgia.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 2̲8̲, 2019
Charleston, South Carolina